

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-15-00387-CR
04-15-00388-CR

Benjamin **ERICKSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2015CR3805 & 2015CR3807
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:     Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  July 15, 2015

DISMISSED

Pursuant to plea agreements with the State, appellant pleaded nolo contendere in two separate cases to the offense of assault with a deadly weapon. The trial court imposed sentence in each case and signed certificates stating that each case "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed notices of appeal. The clerk's records, which include the plea bargain agreements and the trial court's Rule 25.2(a)(2) certifications, have been filed. *See id.* R. 25.2(d). This court must dismiss an appeal "if a

certification that shows the defendant has the right of appeal has not been made part of the record."

*Id.*

The court gave appellant notice that the consolidated appeals would be dismissed unless amended trial court certifications showing he has the right to appeal were made part of the appellate record within thirty days. *See id.* R. 25.2(d); id. R. 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Appellant's appointed appellate counsel filed a written response, stating he has reviewed the records and can find no right of appeal in either case. After reviewing the records and counsel's notice, we agree appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss these appeals. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

Do Not Publish